ROBERTS, Justice.
This is an appeal from a final decree entered in a statutory validation proceeding by which the appellant, City of Treasure Island, sought to validate Improvement Revenue Bonds proposed to be issued by-the City to construct a marina and recreation center. Pledged to the payment of the bonds were the revenues anticipated therefrom, the City’s utilities service tax,, its franchise tax, and the surplus net revenues of its toll causeway. Validation of' the bonds was contested by the appellees,, the State of Florida and taxpayer-inter-venors, on the ground that, under its Charter, Ch. 31322, Special Acts of 1955, the-City was authorized to pledge to the payment of the bonds only the revenues from, the improvement to be constructed and any-additions or extensions thereto. The Chancellor agreed and entered a decree denying-the petition for validation. This appeal by-the City followed, as authorized by art. V,. § 4(2), Fla.Const, F.S.A.
The decree must be affirmed under the-authority of City of West Palm Beach v.. State, Fla.1959, 113 So.2d 374. In that case this court construed provisions of the-City of West Palm Beach Charter, Ch.. 24981, Special Acts of 1947, and held unequivocally that revenue bonds proposed to. be issued by the City of West Palm Beach to construct a marina and recreational center could be financed only from the rev-, enues of the project itself or the extensions and additions thereto. The Charter-provisions in question are quoted at length, *722 in the City of West Palm Beach case, supra, 113 So.2d at page 379, and need not be repeated here. It suffices to say that, with one exception, the quoted provisions are for the most part- identical to analogous provisions ©f art. XXII, § 2, of the City of Treasure Island Charter.
The only possible distinction between the two Charter Acts here involved must be found in a provision of § 12(2) (e) of the West Palm Beach Charter quoted in the West Palm Beach decision and omitted from the analogous provision of the Treasure Island Charter, § 2(B) (5), Article XXII, which is otherwise word-for-word the same. Section 12(2) (e) of the West Palm Beach Charter authorizes the City
“(e) To make all contracts, execute all instruments and do all things necessary or convenient in the exercise of the powers herein granted, or in the performance of its covenants or duties, or in order to secure the payment of its bonds, [provided no encumbrance, mortgage or other pledge or property of said municipality is liable to be forfeited or taken in payment of said bonds, and provided no debt on the credit of said municipality is thereby incurred in any manner for any purpose.]”
The bracketed portion of this section was quoted by this court in the West Palm Beach decision; and, as noted, this portion was omitted in the analogous provision of the Treasure Island Charter. It is here contended by appellant that the omission of this provision indicated the legislative intent to authorize the City of Treasure Island to pledge to- the payment of improvement revenue bonds other -revenues in addition to those derived from the improvement itself. But in-view of the fact that ■§ 2(H) of Article XXII of the Treasure -Island Charter — identical to § 12(8) of the West Palm Beach Charter and quoted in full in the West Palm Beach decision — provides that
“No holder or holders of any such bonds shall ever have the right to compel any exercise of the taxing power of the municipality to pay any such bonds, or the interest thereon, nor to enforce payment thereof against any property of the municipality, nor shall any such bonds constitute a charge, lien or encumbrance, legal or equitable, upon any property of the municipality,”
it would appear that the bracketed provision of § 12(2) (e), supra, was pure surplusage and, in our opinion, must have been eliminated from this section by the drafters of the Treasure Island Charter in the interest of brevity. This contention cannot, therefore, be sustained.
The other questions presented here by the appellant have been considered and found to be without merit.
Accordingly, the decree here reviewed should be and it is hereby affirmed under the authority of City of West Palm Beach v. State, supra, 113 So.2d 374, and cases cited therein.
Affirmed.
THOMAS, C. J., and DREW and O’CONNELL, JJ., concur.
TERRELL, HOBSON and THORNAL, JJ., dissent.